**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| INTERMOOR, INC.<br>*Plaintiff*<br><br>VERSUS<br><br>PATRICK HARRIS<br>*Defendant* | CIVIL ACTION NO. 6:26-cv-04229<br><br>**IN ADMIRALTY**,<br>Rule 9(h) |

**COMPLAINT FOR DECLARATORY JUDGMENT ON MAINTENANCE & CURE**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, InterMoor, Inc. which files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, against Defendant, Patrick Harris, for the purpose of determining a question of actual, immediate controversy between the parties regarding Patrick Harris' demand on InterMoor, Inc. for maintenance and cure as an alleged Jones Act seaman. In support thereof, InterMoor, Inc. respectfully avers upon information and belief as follows:

**THE PARTIES**

1.

Plaintiff, InterMoor, Inc. ("InterMoor"), is a corporation organized under the laws of Delaware. InterMoor is an international offshore service company that provides mooring and anchor systems throughout the offshore energy industry. At all material times, InterMoor was Defendant, Patrick Harris' employer.

2.

Defendant, Patrick Harris ("Harris"), is a citizen of Louisiana and resides in the Parish of Lafayette, located within the jurisdiction of this Honorable Court. At all material times, Harris was employed by InterMoor as a project superintendent and offshore construction manager.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333(1) because this controversy involves an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Venue is proper in the United States District Court for the Western District of Louisiana in accordance with 28 U.S.C. §1391(b) as Harris resides in this judicial district.

## NATURE OF THE CONTROVERSY

5.

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to hold that Harris is not a Jones Act seaman entitled to maintenance and cure.

6.

Harris has demanded payment of maintenance and cure from InterMoor for an injury occurring on or about December 16, 2023 while Harris was working for InterMoor in Nigeria while loading and marking a chain during mobilization of the vessel NORMAND INSTALLER while docked and operated by a third party. InterMoor denies that Harris was or is a seaman entitled to maintenance and cure benefits[1]. InterMoor did not own, operate or charter the NORMAND INSTALLER. Harris' work on the NORMAND INSTALLER was temporary. InterMoor contends that Harris' sole remedy is under the Louisiana Workers' Compensation Act. La. R.S. § 23:1031, *et*

[1] Harris originally filed suit in a Texas State court which was nonsuited. However, Harris has not withdrawn his demand for maintenance and cure

*seq*. InterMoor continues to pay Harris Louisiana workers' compensation benefits commensurate with its contention that Harris is not a seaman entitled to maintenance and cure.

7.

InterMoor seeks a judgment declaring that Harris is not a seaman because he was not permanently assigned to any vessel or identifiable fleet of vessels under common ownership or control for at least 30% of his employment at InterMoor to afford seaman status under *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995). Situs is not determinative of status. InterMoor avers that Harris is therefore not entitled to any relief from InterMoor under the General Maritime Law, including entitlement to maintenance and cure, or under the Jones Act, 46 USC §30104, *et seq*.

**FACTS**

**<u>InterMoor does not Own or Operate Any Vessels</u>**

8.

InterMoor is an energy related service company that provides, inter alia, onshore or offshore consulting and operational support for its clients. InterMoor's work entails both onshore engineering and offshore installation of equipment. InterMoor owns and operates a facility in Morgan City, Louisiana and Port Fourchon where equipment is warehoused, maintained, serviced, and transported by third parties as necessary.[2] InterMoor does own any vessels and, in particular, did not charter the NORMAND INSTALLER.

9.

InterMoor receives job requests from a variety of clients both onshore and offshore. InterMoor's workers, including Harris, are employed on a call-out, "as-needed" basis to service jobs on a temporary basis as they arise. Harris as a manager was guaranteed a salary and also paid hourly while on assignments.

---

[2] Exhibit 1, Declaration of Tom Fulton.

10.

InterMoor does not own or bareboat charter any vessels upon which Harris worked from during any offshore assignments.[3] InterMoor is not involved in the navigation of any vessel.[4] Its managers and employees, including Harris, are not licensed mariners.

**Harris Transiently Worked on Onshore and Offshore Projects**

11.

Harris began his career with InterMoor in 1998, starting as a rigger. Harris' call-out jobs were located both onshore and offshore since the inception of his employment at InterMoor. In 2017, Harris was promoted to the role of superintendent/offshore construction manager and marine specialist.[5] As a superintendent and offshore construction manager, Harris would work on various mooring and construction projects both on land and offshore for a variety of InterMoor's clients.

12.

Harris was not permanently assigned to any particular vessel but rather would move from project to project involving different facilities and project locations. Harris is not a licensed mariner and did not navigate any vessel.[6]

**Harris was Injured on a Temporary InterMoor Job in Nigeria**

13.

In 2023, InterMoor was hired by Ripen Marine Contractors Limited ("RMC") and GMT Resources Limited ("GMT") for the GMT BONGA 2023 project in Nigeria involving an FPSO.[7]

[3] *Id.*
[4] *Id.*
[5] Exhibit 1, Declaration of Tom Fulton.
[6] *Id.*
[7] *Id.*

The Norman installer was a support vessel for the project chartered by GMT. InterMoor did not own, operate, or charter the NORMAND INSTALLER.[8]

14.

When Harris arrived in Nigeria, he spent the first three weeks on the BONGA 2023 project working onshore in Lagos, Nigeria.[9] Then, on December 16, 2023, he boarded the NORMAND INSTALLER, a third-party vessel, for the first time to assist with a top chain replacement while the vessel was docked and being mobilized. Harris had no navigational responsibilities on the vessel and was performing longshore duties of loading a chain from the dock onto the NORMAND INSTALLER and then making the chain at interval lengths.

15.

Harris was injured on December 16, 2023, the same day he boarded the vessel, as a chain length was being marked and laid out on the deck of the NORMAND INSTALLER. Harris injured his leg as a result of the accident when the chain suddenly moved. InterMoor began paying Harris workers' compensation benefits thereafter.

16.

Harris was not permanently assigned to the NORMAND INSTALLER.[10] His work on the GMT Bonga 2023 project was temporary. Harris was to be reassigned as an offshore construction manager to other onshore and offshore projects following the completion of his work at the GMT BONGA 23 project.[11]

[8] *Id.*
[9] *Id.*
[10] Exhibit 1, Declaration of Tom Fulton.
[11] *Id.*

## REQUEST FOR DECLARATORY JUDGMENT

17.

InterMoor re-alleges and re-avers each of the allegations contained in Paragraphs 1 through 16, as if set forth herein *in extenso*.

18.

The undisputed material facts show that Harris is not a seaman because he was not permanently assigned to the NORMAND INSTALLER or any identifiable fleet of vessels under common ownership or control for at least 30% of his employment at InterMoor. His work on the NORMAND INSTALLER represents less the 1% of his employment. Thus, Harris cannot show he is a seaman as required under *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995).

19.

Historically this has been the case for similar offshore service company workers. As reported in *Willis v. Fugro Chance Inc., 596 F. Supp. 2d. 712 (E.D. Tx.) affirmed 278 Fed. Appx. 443 (5th Circ. 2008)*. In *Willis,* Fugro Chance, employed Willis as an Offshore Survey Party Chief. He was exposed to chemicals aboard on MODU vessel in the Gulf of Mexico. Willis sued Fugro Chance under the Jones Act and Fugro removed it under 28 U.S.C. § 1146. The Court held that Willis had no viable Jones Act claim. This is consistent with other Fifth Circuit decisions which deny Jones Act status to offshore workers who were not more or less permanently assigned to an identifiable fleet of vessels. The test for Jones Act status is not based on the situs of the injury.[12]

[12] *Buras v. Commercial Testing & Engineering* 736 F. 2d. 307 (5th Circ. 1984*); St. Romain v. Industrial Fabrication & Repair Services, Inc.* 203 F. 3d. 376 (5th Circ. 2000); *Roberts v. Cardinal Services Inc.*, 266 F. 3d 368 (5th Circ. 2001).

20.

The nature of Harris employment herein, his work history, the transient nature of his work, and the fact that InterMoor did not own the vessels upon which Harris would be temporarily assigned, supports a finding that he is not a Jones Act seaman. This is consistent with an analysis of his work records and U.S. Supreme Court decisions. His remedies against InterMoor, if any, properly lies under the Louisiana Worker's Compensation laws. Harris is not a seaman as a matter of law and fact. Any allegation of seaman status is fraudulently pled.

21.

Harris' maintains he is a seaman within the meaning of the Jones Act. His demand on InterMoor for maintenance and cure has not been withdrawn. InterMoor continues to deny that Harris is a seaman entitled to maintenance and cure and contends that Harris' sole remedy is under the Louisiana Workers' Compensation Act. Thus, an actual case and controversy between the parties exists for which declaratory relief is warranted.

22.

InterMoor respectfully requests a judgment declaring that Harris is not a seaman entitled to maintenance and cure and further relief against InterMoor under the Jones Act and/or the General Maritime Law. Under the undisputed facts and United States Supreme Court precedent it is not possible for Harris to be a seaman within the meaning and intent of the Jones Act.

**PRAYER FOR RELIEF**

**WHEREFORE,** InterMoor, Inc. prays that this Complaint for Declaratory Relief be deemed good and sufficient and, that after due proceedings be had, there be judgment in its favor declaring that Defendant, Patrick Harris, is not a seaman and, therefore, is not entitled to

maintenance and cure or any further relief against InterMoor under to the Jones Act, 46 USC §30104, *et seq*. or the General Maritime Law, and for all other equitable relief.

Respectfully submitted,

*/s/ Austin S. Glascoe*

Austin S. Glascoe (LA# 38236)
Grady S. Hurley (LA# 13913)
**JONES WALKER, LLP**
201 St. Charles Ave., Suite 4800
New Orleans, LA 70170
Telephone: (504) 582-8376
Facsimile: (504) 589-8376
Email: aglascoe@joneswalker.com
ghurley@joneswalker.com

*and*

Douglas W. Truxillo (LA#12937)
**JONES WALKER, LLP**
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Telephone: (337) 593-7711
Facsimile: (337) 593-7760
Email: dtruxillo@joneswalker.com

***Attorneys for InterMoor, Inc.***